### CONSTRUCTION OF A WILL CONTAINING MISNOMER AND A MATHEMATICAL ERROR.

Common Pleas Court of Hamilton County.

BOWLES, ADMR., *vs.* STOCKMAN ET AL.

Decided, July, 1925.

*Wills—Testator Divides his Estate into Twentieths and Devises Twenty-six Parts—Objects of his Bounty Misnamed.*

1. Where a testator divides his estate into tenths and twentieths, but the total number of parts divised amounts to twenty-six, it will be assumed it was his intention to divide his estate into twenty-six parts and the beneficiaries will take the proportions stated in the will.

2. In case of evident misnomers in a will, the bequests so designated may be given to the persons for whom they were manifestly intended.

3. A testator will be regarded as having died intestate as to the portions of his estate which were given to persons who survived him but died without issue before the death of the life tenant. and such portions will pass to the next of kin of the testator.

*E. C. Reemelin,* counsel for plaintiff.

*Clarence H. Hallman* and *Joseph B. Derbes,* counsel for defendant.

DARBY, J.

This action is brought to construe the will of John W. Meeker, deceased, and also for instructions in the administration of the estate. The testator drew his will in his own hand, as appears from the original will. He divided his estate into twenty-six parts, but designated the parts as "tenths" and twentieths," so that the distribution as made by him disposed of twenty-six twentieths. The distribution provided for states the number of parts in this way; two-tenths of the estate to each of three persons, and one-twentieth to each of thirteen persons, and one-twentieth to be divided among his brothers and sisters.

The will clearly shows that there was no manipulation of the figures. Had he given two-twentieths to each of the persons to whom he gave two-tenths, there would have been no discrepancy. He clearly distinguishes, however, the quantities to be given to the three persons from the quantities to be given to the other persons. The opinion of the court is that the testator intended to divide his estate into twenty-six parts, and that the beneficiaries were to take in the proportions stated in the will.

The attempted cancellation of the so-called legacies to certain beneficiaries failed, and such legacies are legal.

Letitia Williamson is entitled to the legacy designated to "Letitia Williams, of Lotus, Indiana." Maurice Goodwin was intended to be designated in the legacy to "Marie Goodwin." Maurice Goodwin lived at the place designated in the will, was a member of the family of the Goodwins intended to be benefited by the will, and was the only person living there whose name commenced with "M," and it is common knowledge that the name "Maurice" is often pronounced as though spelled "Morie."

The testator died November 20, 1912. The life tenant

his widow Martha Meeker, died November 30, 1924.  The will was probated December 16, 1913.   Charlotte Blacker died March 23, 1918, and Hirst G. Murrell died after the death of the testator, but before that of the life tenant— neither having issue.

The will provides that the wife shall have a life estate in all the property of the testator, and then is the following paragraph:

"I hereby appoint my wife, Martha J. Meeker, my administratrix without bond or appraisement.   After her decease, I desire my administrator, whom I will appoint, to qualify, give bond and take charge of my estate, appraise it and sell all, and distribute as follows:

"Two-tenths to Charlotte Blacker.   *   *   *   One-twentieth to Hirst G. Murrell."

The question has been presented as to the effect of the death of Charlotte Blacker and Hirst G. Murrell, without issue, after the death of the testator, and before the death of the life tenant.   It will be observed that the will does not give any legacy of any character to the distributees, but there is a provision that the estate shall be sold and thus reduced to personalty, and distributed as provided in the will.

It would appear that the testator intended making personal distribution of his estate to the persons named, but even if that be not the case, it would seem that the distribution was for the benefit either of the named distributee or his or her issue, but should not go beyond the latter class.

The court is therefore of the opinion that the portion of the estate ordered distributed to Charlotte Blacker and Hirst G. Murrell not being disposed of other than by this order of distribution, passes to the next of kin of the testator, as property as to which he died intestate.